# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 10-271 |
| LARRY MOSES, JR. | SECTION: "E" (5) |

## ORDER AND REASONS

Before the Court is a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 by Defendant Larry Moses, Jr.[1] The Government opposes the motion.[2] For the reasons that follow, Defendant's motion is **DENIED**.

## BACKGROUND

On October 5, 2012, the Grand Jury named Defendant Larry Moses, Jr. in a ten-count Second Superseding Indictment charging violations of the Federal Gun Control Act, the Federal Controlled Substances Act, conspiracy, and attempting to destroy by means of fire.[3] Defendant pleaded guilty to Counts One, Two, Three, and Four of the Second Superseding Indictment on February 25, 2013, without the benefit of a plea agreement.[4] On March 14, 2014, pursuant to written plea agreement, Defendant pleaded guilty to Count Five, which charged Defendant with conspiracy to distribute and to possess with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c), and Count Seven, which charged Defendant with conspiracy to use, possess, and carry firearms in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(o).[5] The

---

[1] R. Doc. 310.
[2] R. Doc. 340.
[3] R. Doc. 136.
[4] R. Doc. 176.
[5] R. Doc. 252.

1

Court sentenced Defendant to a term of imprisonment of 150 months on February 25, 2015.[6] Defendant did not directly appeal his sentence.

In this motion, Defendant collaterally challenges his sentence in light of the Supreme Court's decision in *Johnson v. United States*.[7] Defendant argues that 18 U.S.C. § 924(o), which forms the basis for Count 7 of the Second Superseding Indictment, and U.S.S.G. § 2K2.1, which provides the sentencing guideline for § 924(o), are unconstitutionally vague after *Johnson*. The Government concedes the motion was timely filed.[8]

In response, the Government argues (1) Defendant waived his right to contest his conviction and sentence in this type of post-conviction proceeding; (2) Defendant's claims are procedurally barred; and (3) even if Defendant's claims were not waived or procedurally barred, Defendant's *Johnson* claims fails on the merits.[9]

## LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside or correct the sentence.[10] Section 2255 identifies only four bases on which the motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."[11] A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the

---

[6] R. Doc. 306.
[7] R. Doc. 310. *See Johnson v. United States*, 135 S. Ct. 2551 (2015).
[8] R. Doc. 340 at 1.
[9] R. Doc. 340.
[10] 28 U.S.C. § 2255(a).
[11] *Id.*; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid."[12]

As mandated by Rule 4 of the Rule Governing Section 2255 Proceedings, the court must examine a § 2255 motion promptly and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.[13] If the motion raises a non-frivolous claim to relief, the Court must order the Government to file a response or take other appropriate action.[14] Should the court find that there is a need to expand the record, with good cause shown, limited discovery can be authorized.[15] After reviewing the Government's response and the record, the Court must determine whether an evidentiary hearing is warranted.[16] An evidentiary hearing need not be held if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[17] Furthermore, no evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations."[18]

> As stated by Judge Vance in *United States v. Caston*:
>
> Ultimately, the Defendant bears the burden of establishing his claims of error by a preponderance of the evidence. For certain "structural" errors, relief follows automatically once the error is proved. For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the

---

[12] *United States v. Addonizio*, 442 U.S. 178, 185 (1979).
[13] Rules Governing Section 2255 4(b).
[14] *Id.*
[15] Rules Governing Section 2255 6-7.
[16] Rules Governing Section 2255 8.
[17] 28 U.S.C. § 2255(b).
[18] *United States v. Balderas*, 2014 WL 345287, at *2 (E.D. La. Jan. 27, 2014) (citing *United States v. Caston*, 2013 WL 3933400 (E.D. La. July 30, 2013); *United States v. Edward*, 443 F.3d 258, 264 (5th Cir. 2006); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

> judgment aside and shall discharge the prisoner or resentence [her] or grant
> a new trial or correct the sentence as may be appropriate.[19]

## ANALYSIS

### I. Defendant's Claims are Waived

The Government argues the Defendant's § 2255 motion should be dismissed because he waived his right to collaterally challenge his conviction and sentence. A defendant's waiver of his statutory right to collaterally challenge his conviction with a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, like a waiver by a defendant of his right to appeal, is generally enforceable if the waiver is both knowing and voluntary.[20] Pursuant to the written terms of his plea agreement, Defendant waived and gave up:

> [A]ny right to challenge [his] sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to her sentence of any kind.[21]

At his rearraignment hearing, the Court engaged in an extended colloquy with Defendant to ensure he understood the offense to which he was pleading guilty, the maximum sentence he faced, and the trial and appeal rights he was surrendering by pleading guilty.[22] The Defendant repeatedly affirmed his understanding of the consequences of his plea agreement.[23] A defendant's statements on the record in open court carry a strong presumption of verity.[24] Defendant has provided no evidence or argument that he did not understand the implications of his plea agreement, or that his plea was not "knowing and

---

[19] *Caston*, 2013 WL 3933400 at *2.
[20] *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). See also *United States v. Potter*, 2015 WL 3486446, at *1 (E.D. La. June 1, 2015).
[21] R. Doc. 74, at 3.
[22] R. Doc. 252.
[23] *Id.*
[24] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

4

voluntary."[25] Accordingly, the Court finds his collateral challenge waiver forecloses his § 2255 motion.

## II. Defendant's Claims are Procedurally Barred

Even if Defendant had not waived his collateral challenge rights in his plea agreement, Defendant's § 2255 claim is procedurally barred. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[26] "A defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from that error.'"[27] Further, "If the error is not of constitutional or jurisdictional magnitude, the defendant must show the error would result in a complete miscarriage of justice."[28]

Defendant did not file a direct appeal to his conviction or sentence. Therefore, unless Defendant can establish good cause for the procedural default and actual prejudice resulting from any error, his motion under § 2255 is procedurally barred.[29]

In this case, Defendant is unable to demonstrate cause for the procedural default. "A defendant can establish 'cause' by showing that an objective impediment that is external to his defense prevent him from raising a claim on direct appeal."[30] Defendant has not alleged any reason external to his defense, such as governmental interference,

---

[25] *See Wilkes*, 20 F.3d at 653.
[26] *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).
[27] *Id.* (alterations in original) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)).
[28] *Id.* (quoting *Shaid*, 937 F.2d at 232 n.7).
[29] *Shaid*, 937 F.2d at 232.
[30] *United States v. Rodney*, 2014 WL 6607069 at *3 (E.D. La. Nov. 18, 2014) (citing *United States v. Flores*, 981 F.3d 231, 235 (5th Cir. 1993)).

5

that prevented him from pursuing his direct appeal.[31] Accordingly, he has not demonstrated cause for his procedural default.

Nor can Defendant show actual prejudice resulting from any error. As discussed below, Defendant's *Johnson* claim is foreclosed by the Supreme Court and Fifth Circuit precedent. As a result, Defendant suffered no prejudice in his sentencing, and his § 2255 motion is procedurally barred.

### III. Defendant's *Johnson* Claim

Defendant asserts 18 U.S.C. § 924(o) and U.S.S.G. § 2K2.1 are unconstitutionally vague after *Johnson v. United States*.[32] In *Johnson*, the Supreme Court held the residual clause in the Armed Career Criminal Act ("ACCA") violated the Fifth Amendment's guarantee of due process by "fail[ing] to give ordinary people fair notice of the conduct it punishes."[33] The ACCA provided for a heightened sentence for violators who had three or more earlier convictions for a "violent felony," defined as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."[34]

Defendant argues that a similarly worded clause in 18 U.S.C. § 924(c), to which § 924(o) refers, presents the same void-for-vagueness concern.[35] 18 U.S.C. § 924(c)(3)(B) defines a "crime of violence" as a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[36] U.S.S.G. § 2K2.1 provides the sentencing guidelines for violations under § 924(o), and defines a "crime of violence" an offense that "has as an

---

[31] *See McCleskey v. Zant*, 499 U.S. 467 (1991).
[32] 135 S. Ct. 2551 (2015).
[33] *Id.* at 2556.
[34] *Id.* at 2555-2556.
[35] Defendant was charged under § 924(o), which makes it a crime to conspire to commit an offense prohibited under § 924(c).
[36] 18 U.S.C. § 924 (c)(3)(B) (2012).

6

element the use, attempted use, or threatened use of physical force against the person of another."[37]

For several reasons, Defendant's *Johnson* claim fails. First, Defendant's case does involve the statutory definition of "crime of violence" found unconstitutionally vague in *Johnson*. In relevant part, § 924(c) punishes any person who, "during and in relation to any *crime of violence or drug trafficking crime* . . . uses or carries a firearm."[38] *Johnson* invalidated the definition of "crime of violence," but did not address the use of firearms in drug trafficking crimes.[39] Count Seven of the Second Superseding Indictment charges Defendant with the conspiracy to use and carry firearms in relation to a drug trafficking crime—not in relation to a crime of violence. Accordingly, even if the definition of "crime of violence" used in § 924(c) were found unconstitutionally vague, it would not disturb Defendant's sentence.

Second, governing Fifth Circuit precedent states that *Johnson* does not reach § 924(c). In *United States v. Garcia*, the Fifth Circuit held that the definition of "crime of violence" in § 924(c)(3)(B) is not unconstitutionally vague, relying on an earlier Fifth Circuit decision interpreting nearly identical language in 18 U.S.C. § 16(b).[40] The Court agrees with the government that *Garcia* forecloses a void-for-vagueness challenge to § 924(o), which punishes conspiracy to violate § 924(c) and incorporates its definitions of relevant terms.[41]

---

[37] The definition of U.S.S.G § 2K2.1 incorporates the same term's definition in U.S.S.G. § 4B1.2(a)(1).
[38] 18 U.S.C. § 924(c)(1)(A).
[39] *See, e.g., Albro v. United States*, 2017 WL 16098487 (E.D. La. May 1, 2017) (finding that *Johnson* is not implicated in drug offenses).
[40] 857 F.3d 708, 711 (5th Cir. 2017) (discussing *United States v. Gonzalez-Longoria*, 831 F.3d 670, 674-77 (5th Cir. 2016) (en banc).
[41] R. Doc. 340 at 7.

Third, the Supreme Court's subsequent decision in *Beckles v. United States*[42] forecloses Defendant's claim against U.S.S.G. § 2K2.1. In *Beckles*, the Court held the Sentencing Guidelines, unlike the United States Code, are not subject to void-for-vagueness challenges.[43] Accordingly, Defendant's claim that § 2K2.1 is unconstitutionally vague is meritless.

## CONCLUSION

Accordingly;

**IT IS ORDERED** that Defendant Larry Moses, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED.**

**New Orleans, Louisiana, this 18th day of December, 2017.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[42] 137 S. Ct. 886 (2017).
[43] *Id.* at 894.